## Siebert *v.* Steinmeyer, Appellant.

*Res adjudicata—Evidence—Promissory note.*

In an action by a son against his father's executor on a promissory
note given by the decedent, the record of a prior equity suit by the ex-
ecutor against the son, which resulted in the son being compelled to sur-
render to the estate certain stock, is inadmissible to establish a prior

adjudication of the controversy, where the reference to the note in the equity suit was in connection with a settlement in which the note was not involved.

*Evidence—Set-off—Inventory—Executors and administrators.*

In an action by a son against his father's estate on a promissory note, an item in an inventory filed by the son in the orphans' court as executor of his father, specifying a claim against himself, is not sufficient of itself without other evidence to support a plea of set-off against the note. Such an item amounts to nothing more than an admission that the decedent claimed that the plaintiff owed him on some account the sum named.

Argued Oct. 28, 1902.   Appeal, No. 51, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1895, No. 458; on verdict for plaintiff in case of P. W. Siebert v. William Steinmeyer, Executor.   Before MITCH-ELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a promissory note.   Before STOWE, P. J.

At the trial counsel for defendant offered in evidence the record at No. 203, July term, 1897, court of common pleas, No. 2, of Allegheny county, which was a bill in equity, filed by William Steinmeyer, executor of the last will and testament of Christian Siebert, deceased, versus P. W. Siebert, and the Ewalt Street Bridge Company, which was in the Supreme Court, at No. 147, October term, 1898.   This record is offered in support of the proposition that the claim in relation to this note now sued on is res adjudicata.

Mr. Rodgers (addressing Mr. Ferguson): The note that is referred to in this proceeding is the same note as the note now offered, is it not?

Mr. Ferguson: The plaintiff in this case was interrogated in that case upon cross-examination as to the note sued on in this case.

Mr. Ferguson: I object, first, that the note sued on in this case was not involved in the pleadings in that case, that those proceedings are not therefore res adjudicata; and, generally, that the offer is incompetent and irrelevant.

Objection sustained and bill sealed for defendant. [1]

A witness for defendant was asked these questions:

"Q. Do you know the paper I hand you marked 'Exhibit

No. 2?' A. Yes, sir. Q. What is it? A. This is the inventory and appraisement of the estate of Christian Siebert. Q. So far as regards the inventory it is a statement of the items, and has a heading with the words 'Christian Siebert, 18th ward, city of Pittsburg.' Do you know in whose handwriting all the entries I have referred to are? A. The handwriting of P. W. Siebert. Q. And this was filed by P. W. Siebert and yourself, I presume? A. Yes, sir."

Mr. Rodgers: I offer "Exhibit No. 2," the relevancy of which is in the way of a set-off. There is an item claimed against P. W. Siebert, with interest, amounting to $8,360. I propose to use that as a set-off.

Objected to as incompetent for that purpose.

Objection sustained and bill sealed for defendant. **[2]**

The court charged as follows :

[Under the evidence in this case, as we understand the law to be, the plaintiff is entitled to a verdict for the amount of his claim with interest upon it, which will be computed. We therefore instruct you, as a matter of law, that under all the facts in the case, the plaintiff is entitled to your verdict for the amount of this note with proper interest.] **[3]**

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) the charge of the court.

*James R. Sterrett* and *W. B. Rodgers*, with them *Thomas Patterson* and *M. W. Acheson, Jr.*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellee.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

This action was against the executor of the will of Christian Siebert, on a promissory note made by the decedent, which became due after his death. The grounds of defense at the trial were res adjudicata and set-off. In support of the first ground the defendant offered in evidence the record of a proceeding in equity between the same parties in which the defendant in this action was the plaintiff and obtained a decree that certain shares of stock of the Ewalt Street Bridge Company,

standing in the name of W. P. Siebert, belonged to the estate of his father, Christian Siebert.  In the answer filed in that proceeding, W. P. Siebert alleged that the stock had been transferred to him in part payment of an indebtedness due by his father.  At the hearing he testified that there was due him in the settlement of an account with his father $19,000, and that in payment of items of this account, amounting to $6,500, he took 100 shares of the stock, and that a note for $12,500 was given in payment of the balance.  The court among other conclusions of fact found that the stock had not been transferred to W. P. Siebert by his father, and that his father did not then "owe him $19,000 or, as far as appears, any sum whatsoever."  See Steinmeyer v. Siebert, 190 Pa. 471.  The plea of res adjudicata is based on the second finding.

The note of $12,500, mentioned in the testimony, is the note on which this action is founded.  We do not see that its validity came into question in the equity proceedings.  It was not referred to in the bill, which was filed after suit had been brought on it, nor in the answer, nor was it involved in the accounting prayed for, which was limited to the dividends received on the stock.  The only mention of it was in connection with a settlement by which it was claimed that payment had been made for the stock.  Of this settlement it was merely an incident, and related to a part of the transaction in which the stock was not involved.  The finding that Christian Siebert did not owe $19,000, "or, as far as appears," any sum whatever, settled nothing in relation to this note.  The explanation offered as to the manner in which the stock had been acquired was found to be unsatisfactory, but the inquiry was limited to the matter of the credit alleged to have been given.  The finding by the court did not conclude the defendant in that proceeding as to matters not necessarily involved in it.  The record was therefore not admissible in evidence.

The only evidence offered in support of the plea of set-off was an item of the inventory of the estate of Christian Siebert as follows: "Claim against W. P. Siebert and interest from October 8, 1892, $8,360."  The entire inventory except the printed portion was in the handwriting of the plaintiff, and was filed while he was one of the executors of his father's estate.

It was offered as an admission of an indebtedness by him to

the estate. Unsupported by testimony, it amounts to nothing more than an admission that the decedent claimed that the plaintiff owed him on some account the sum named. If disputed it was proper to include it in the inventory, and thus bring it to the attention of the orphans' court and of parties interested, but standing alone it was not in itself an admission that would sustain an action or establish a set-off.

The question whether the burden was on the plaintiff to prove the consideration for the note, because of the confidential relation in which he stood to his father, does not appear to have been raised at the trial. The record in the equity proceedings was offered for the specific purpose of showing that there had been a prior adjudication of the matter in controversy, and no other ground for its admission can now be set up. There was nothing on the record in this action that showed that the plaintiff had been the executor of Christian Siebert, or that he was his son, and there was no evidence in the case that suggested the existence of a confidential business relation.

The judgment is affirmed.